# Third District Court of Appeal

## State of Florida

Opinion filed October 7, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2994
Lower Tribunal No. 07-45654
_____

**Mas & Sons Jardiniers, Ltd.,**
Appellant,

vs.

**Florida West International Airways, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Stanford Blake, Judge.

Quintairos, Prieto, Wood & Boyer, and James J. McNally, for appellant.

Kondla & Associates, P.A., and M. Emelina Mejer-Kondla, for appellee.

Before ROTHENBERG, SALTER, and EMAS, JJ.

ROTHENBERG, J.

The plaintiff below, Mas & Sons Jardiniers, Ltd. ("Mas & Sons"), a

Canadian grower, packer and shipper of vegetables, appeals the trial court's order

granting summary judgment in favor of the defendant/appellee Florida West International Airways, Inc. ("FWIA"). Because the trial court correctly found that the undisputed facts showed that Mas & Sons did not provide timely notice to FWIA of its complaint under the Montreal Convention (Convention for the Unification of Certain Rules for International Carriage art. 31 (3-4), May 28, 1999, S. Treaty Doc. No. 106-45 ("Montreal Convention")), we affirm.

Mas & Sons alleged in its complaint against FWIA that it sustained damages after FWIA allegedly failed to timely release fresh vegetables it shipped by air from Guatemala and Costa Rica to Miami. According to Mas & Sons, the vegetables were shipped by air and were ready to be picked up and transported by truck on December 21, 2006; Mas & Sons' broker, PBB Global Logistics, tendered the requisite checks to FWIA in U.S. funds on December 22, 2006; and FWIA improperly refused to accept the checks based on its mistaken belief that they were not in U.S. funds; as a result, the vegetables sat in FWIA's warehouse for six days, until they were finally released on December 27, 2006. Based on this delay, Mas & Sons called for a USDA inspection which revealed that the vegetables were exhibiting signs of early stages of decay. Thus, when Tornado Express, a trucking company employed by Mas & Sons, picked up the vegetables on December 27, 2006 to transport them to Quebec, Canada, its drivers signed the airway bills "Receive/Protest." By the time the vegetables were delivered in Quebec on

2

December 29, 2006, they were shriveling and turning brown, and Sobeys, Mas & Sons' buyer, refused to buy the vegetables at the agreed-to price. Some of the vegetables had to be destroyed and the remainder was sold to Sobeys at a reduced price.

Steve Berthelet, Mas & Sons' corporate representative, submitted a sworn affidavit and provided sworn deposition testimony, wherein he avers that he personally observed the condition of the vegetables when they arrived in Quebec on December 29, 2006; he contacted FWIA the following week to lodge a complaint about the damaged shipment; and on January 9, 2007, Freddy Fortich of FWIA acknowledged the complaint and sent an e-mail to Mas & Sons with a claim form. On January 24, 2007, Mas & Sons submitted the completed claim form to FWIA. Thus, the first written notice of Mas & Sons' damages was faxed to FWIA twenty-eight days after Tornado Transport received the cargo from FWIA.

The issues below were: (1) whether the Montreal Convention applies, which contains a notice provision for damage to cargo during international carriage by air; and (2) whether Mas & Sons provided timely notice to FWIA. The trial court decided these issues in favor of FWIA, finding that the Montreal Convention applies, and that Mas & Sons failed to comply with Article 31 of the Montreal Convention. We agree with the trial court that the Montreal Convention applies to

3

the shipments involved in this litigation, and that, as a matter of law, Mas & Sons' notice to FWIA was insufficient under the Montreal Convention.

Article 31 of the Montreal Convention requires that a **written** complaint be made to the carrier within fourteen days from the date of receipt of the cargo. Mas & Sons provided proof by way of sworn testimony and written documents that Mas & Sons signed for the subject cargo under written "protest" after the negative inspection which showed damage to the vegetables on December 27, 2006. The following week, Mas & Sons discussed its complaint with FWIA, and on January 9, 2007, FWIA acknowledged Mas & Sons' oral complaint and sent Mas & Sons a claim form to fill out. Mas & Sons returned the completed written claim form to FWIA on January 24, 2007.

Mas & Sons contends that these facts present a factual issue regarding whether its notice to FWIA was timely, thereby precluding summary judgment on that issue. We disagree. It is undisputed that although Mas & Sons accepted two shipments under protest, verbally notified FWIA that it wished to file a complaint, and FWIA provided Mas & Sons with complaint forms to assist Mas & Sons with its obligation to submit its complaints in writing to FWIA, Mas & Sons waited until well-past the fourteen-day deadline to submit a written complaint form to FWIA. It is also undisputed that the only written complaint ever received by

4

FWIA was with respect to the cargo identified under waybill AWB 6530 and that no written complaint was ever submitted for the cargo under waybill AWB 2114.

Article 31 of the Montreal Convention is clear and unambiguous. A complaint regarding carriage by air must be in writing within the time parameters specified, and failure to comply with the written notice requirement precludes action against the carrier absent fraud. Montreal Convention art. 31 (3-4). Mas & Sons has not asserted any fraud against FWIA. The purpose of the written notice requirement under Article 31 is to adequately inform the carrier of the nature of the damages. Eli Lilly & Co. v. Air Exp. Int'l, USA, Inc., 602 F. Supp. 2d 1260, 1270 (S.D. Fla. 2009) aff'd in part, vacated in part, rev'd in part, 615 F.3d 1305 (11th Cir. 2010). Timely written notice is required even if an agent of the carrier is aware of the damage. Onyeanusi v. Pan Am, 952 F.2d 783 (3d Cir. 1992); see also Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485 (S.D. N.Y. 2009) (holding that actual notice by a defendant airline is not a substitute for the requisite written notice); Ewig Int'l Marine Corp. v. Am. Airlines, Inc., 914 F. Supp. 1543 (N.D. Ill. 1995) (holding that actual or constructive notice on the part of the airline does not satisfy the timely written notice requirement).

Because it is undisputed that Mas & Sons failed to timely comply with Article 31 of the Montreal Convention, the trial court correctly determined as a

matter of law that no action may lie against the carrier, FWIA, and therefore properly granted summary judgment in favor of FWIA.

Affirmed.